UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**Danny Frank Olah and Catherine Olah,**

                            **Plaintiffs,**

                    **-v-**                          **6:10-CV-1545 (NAM/DEP)**

**City of Utica and Phil Taurisano,**

                            **Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

Office of Brian J. Kellogg
Brian J. Kellogg, Esq.
901 East Brighton Avenue
Syracuse, New York 13205
Attorney for Plaintiffs

Office of the Corporation Counsel of the City of Utica
John P. Orilio, Esq., of counsel
One Kennedy Plaza
Utica, New York 13502
Attorney for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

      Presently before the Court is an unopposed motion (Dkt. No. 5) to dismiss the complaint in this action under 42 U.S.C. § 1983. As set forth below, the Court grants the motion.

      It is well established that "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law. If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *McCall v. Pataki*, 232 F.3d 321,

322-23 (2d Cir. 2000). Thus, when deciding an unopposed dismissal motion, a court must "assume the truth of [the] pleading's factual allegations and test only its legal sufficiency." *Id*. at 322. On a motion to dismiss under Rule 12(b)(6), the Court reviews the complaint to determine whether it has "facial plausibility" and pleads enough facts to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

The complaint herein states that defendant Phil Taurisano was the Public Safety Commissioner with the Police Department of the City of Utica. The factual allegations are as follows:

> 6) Plaintiff Catherine Olah, known as Catherine DiCastro (hereafter, "Ms. DiCastro") at the time of the events set forth herein, was the title owner of a certain parcel of real property located at 614 Columbia Street, in the City of Utica. At all times set forth herein, Ms. DiCastro also resided at said premises and also therein owned and operated a restaurant known as Elwood's Coffeehouse and Road Show.
> 7) Plaintiff Danny Frank Olah (hereafter, "Mr. Olah") was at one time title owner of the premises described in Paragraph 6, supra, but had transferred title to said premises to Ms. DiCastro at a time prior to the events described in this complaint. Mr. Olah was at the lime engaged to Ms. DiCastro and has since married Ms. DiCastro. At the times set forth herein, Mr. Olah resided at the aforementioned premises and was employed as a manager/cook with Elwood's Coffeehouse and Road Show. Mr. Olah had also been instrumental in the design and launch of Elwood's Coffeehouse and Road Show.
> 8) On the evening of December 20, 2007, Both Plaintiffs were present working at their aforementioned restaurant when three individuals entered the restaurant and engaged in an assault and battery against one of the Plaintiffs' customers.
> 9) The assault and battery caused blood to be dripped throughout the restaurant, particularly the dining room and the rest room. The sight of an assault in the restaurant caused restaurant patrons to have their meals interrupted and as such the Plaintiffs could not charge the patrons for the meals served. Any subsequent business the Plaintiffs would have realized over the course of the evening was also similarly halted due to said incident.

> 10) Mr. Olah attempted to apprehend the assailants and concurrently called for the police and paramedics. During the chase and struggle with the assailants, the assailants made death threats to Mr. Olah and began to assault him as well. One of the assailants also shouted "We'll burn your place down!"
>
> 11) When the police arrived, despite the death and arson threats received by Mr. Olah and the egregious, open and notorious nature of the assault and battery that occurred in the restaurant, the police declined to pursue charges against any of the assailants nor to take a report from Mr. Olah or any of the dozen or more restaurant patrons who had witnessed the altercation. One of the police officers stated to Mr. Olah, about the victim, "the kid's a piece of s— anyway." Said officer then threatened to charge Mr. Olah with assault. Mr. Olah later learned that at least one of the assailants was acquainted with the then-sitting Public Safety Commissioner, and as such, the Defendants were reluctant to pursue any charges despite the death threats and threats to set fire to the Plaintiffs' premises.
>
> 12) Later that night and into the next morning, the restaurant building, which was also where both Plaintiffs resided caught on fire and was completely destroyed.
>
> 13) In light of the events that had transpired during the evening of December 20, Mr. Olah and Ms. DiCastro, having received death and arson threats from the assailants, were under the impression that the fire was caused intentionally. This belief was bolstered by the Utica Police's deliberate and concerted refusal to pursue charges against the assailants or to engage in any further investigation. While the fire was found to have started in the building next door, in light of the threats they heard, the Plaintiffs could not rule out the fire being started next door intentionally in order to attack the Plaintiffs in retaliation for their attempt to thwart the assault and battery that occurred in the restaurant that evening.

The only federally-based claim in this complaint is the first cause of action claiming denial of equal protection. Plaintiffs aver that, in violation of the Equal Protection Clause, defendants refused to investigate the matter due to the suspects' affiliation with defendant Taurisano and/or due to the perceived reputation of the victim. Accepting the truth of the factual allegations quoted above, the Court finds that the first cause of action lacks merit as a matter of law. There is no independent constitutional or federal right to a fair and adequate investigation. *See Deshaney v. Winnebago Co. Dept. of Social Servs.*, 489 U.S. 189, 196-97 (1989) (stating

there is no affirmative right to governmental services); *Walker v. City of New York*, 2010 WL 5186779, *5 (E.D.N.Y. Dec. 15, 2010); *Stone v. Department of Investigation of New York*, 1992 WL 25202 (S.D.N.Y. Feb.4, 1992). While it is true that the government may not selectively deny its protective services to disfavored minorities without violating the Equal Protection Clause, *see Deshaney v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 197 n.3 (1989), plaintiffs here make no such claim. Nor do they state a "class-of-one" equal protection claim, because they make no allegation that they were treated differently than any other similarly situated people. *Landmark Dev. Group, LLC v. Town of East Lyme*, 374 Fed.Appx. 58 (2d Cir. 2010) ("To succeed on a 'class-of-one' equal protection claim, Plaintiffs are required to show an 'extremely high degree of similarity' between themselves and a differently treated comparate." (citing *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006)). The first cause of action is dismissed with prejudice.

The second cause of action claims that defendants "negligently, recklessly refused to reasonably pursue an investigation and/or charges of the matter due to the affiliations that one or more of the suspects had with the Public Safety Commissioner of the City of Utica, in breach of their reasonably duty to the Plaintiffs." The third cause of action alleges that "the concerted actions of Defendants amounted to extreme and outrageous conduct" and that their actions "were at the very least, grossly negligent and reckless with respect to all Defendants." There is no independent ground for federal court jurisdiction over these two claims. Having dismissed the sole federal claim, the Court declines to exercise supplemental jurisdiction over causes of action two and three. Accordingly, they are dismissed without prejudice.

In view of this holding, Court does not reach the other issues raised by defendants.

It is therefore

ORDERED that the motion to dismiss (Dkt. No. 5) is granted; and it is further

ORDERED that the complaint is dismissed in its entirety; and it is further

ORDERED that the dismissal of the first cause of action is with prejudice, and the dismissal of the second and third causes of action is without prejudice.

IT IS SO ORDERED.

Date:  June 1, 2011
       Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge